UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHELLY OBENCHAIN, wife of deceased JAMES LEE OBENCHAIN, II,<br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br>    Defendant. | CAUSE NO.: 1:20-CV-168-JVB-JPK |

## OPINION AND ORDER

This matter is before the Court on Commissioner's Renewed Motion to Dismiss Plaintiff's Complaint [DE 25] filed on December 3, 2021. The undersigned referred this motion to Magistrate Judge Joshua P. Kolar for a Report and Recommendation. Judge Kolar issued his Report and Recommendation on June 24, 2022. Plaintiff[1] filed an objection on July 8, 2022. For the reasons below, the Court adopts the Report and Recommendation and grants the motion to dismiss.

## ANALYSIS

Under 28 U.S.C. § 636(b)(1)(B), a judge may designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for disposition of dispositive motions. The court "may accept, reject, or modify, in whole or in part," the magistrate judge's report. *Id.* at § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Portions of the report to which there is no objection are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

---

[1] The Court will follow Judge Kolar's practice of referring to James Obenchain, now deceased, as the plaintiff instead of his wife, Shelly Obenchain, who has been substituted in this action.

**A. Mandamus Under 28 U.S.C. § 1361**

Plaintiff's objection is that Judge Kolar erroneously found that this case falls within the scope of 42 U.S.C. § 405(g) and (h) instead of 28 U.S.C. § 1361, which is the mandamus statute. This objection has no basis in the record. Judge Kolar noted that Plaintiff does not purport to bring suit under § 405(g), specifically rejected the contention that Plaintiff cannot bring a mandamus suit under § 1361, and evaluated the complaint's viability under § 1361. *See* (Rep. & Recommendation, at 14-15, ECF No. 30 ("[T]he Court has subject matter jurisdiction to consider Plaintiff's claim for mandamus relief.")). Judge Kolar proceeded to make his recommendation to the Court based on whether Plaintiff has stated a claim for mandamus under § 1361. *Id.* at 17-25. The Court agrees with both Plaintiff *and* Judge Kolar that this suit is brought under § 1361.

**B. Other Objections**

The above is the only objection Plaintiff explicitly makes to Judge Kolar's Report and Recommendation. Objections not timely made are waived. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). However, there is a colorable argument that Plaintiff objects to further aspects of Judge Kolar's decision in the body of his brief. The Court assumes for the purposes of this opinion that Plaintiff has made these further objections, addresses them below, and still adopts Judge Kolar's recommendation to grant the Commissioner's motion to dismiss.

*1. Red Herrings and the Determinative Issue*

Plaintiff argues that he wins under § 1361 unless Defendant raises and proves the affirmative defense of laches. (Obj., at 5, ECF No. 31). Laches is a red herring and is not a direct objection to the report and recommendation. Judge Kolar recommended a different basis for granting Defendant's motion: as a matter of law, Plaintiff has not shown and cannot show that any of the elements of a mandamus claim are met. (Rep. & Recommendation, at 17, ECF No. 30).

2

Plaintiff also boldly asserts "the matter under consideration turns on whether the proper constitutional qualification of a person to become an Administrative Law Judge was accomplished and whether said person was eligible to be assigned to preside over a Social Security proceeding requiring an ALJ." (Obj., at 10, ECF No. 31). Plaintiff is incorrect. The determinative issue here is whether the elements of a mandamus claim are met.

### 2. Elements of Mandamus

The mandamus statute provides: "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Seventh Circuit has summed up the requirements for a writ of mandamus as follows: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available." *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir. 1987) (quoting *Homewood Prof. Care Ctr., Ltd. v. Heckler*, 764 F.2d 1242, 1251 (7th Cir. 1985)). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if a requirement for a writ of mandamus is not present. *See Neal v. Regan*, 587 F. Supp. 1558, 1562-63 (N.D. Ind. 1984) (dismissing mandamus complaint under Rule 12(b)(6) where the plaintiff did not seek performance of a plainly defined peremptory duty).

Judge Kolar concluded that Plaintiff had an adequate remedy in the form of a direct appeal under 42 U.S.C. § 405(g). Litigants who have raised structural challenges to the ALJ on the basis of unconstitutional appointment have obtained relief through § 405(g) suits. *See, e.g.*, *Duane H. v. Saul*, No. 3:19-CV-138, 2020 WL 1493487 (N.D. Ind. Mar. 27, 2020); *Hoot v. Saul*, 1:18-CV-296, 2020 WL 9607894 (N.D. Ind. Mar. 23, 2020); *see also Carr v. Saul*, 141 S. Ct. 1352, 1362 (2021)

(holding that a Social Security claimant need not raise an Appointments Clause challenge to the ALJ's appointment before the agency to be able to raise the issue before the district court).

Plaintiff asserts that, because § 405(g) "is triggered by a final decision of the Commissioner of the Social Security Administration on the merits made after a hearing," (Obj., at 7, ECF No. 31), his case stalled and progressed no further after he timely filed his request for a hearing before an administrative law judge pursuant to 20 C.F.R. § 404.933. Plaintiff argues that he did not receive a hearing and a final decision because the ALJ at his hearing was not constitutionally appointed. This is inaccurate. He received a hearing and a final decision. He may rightfully identify structural issues with the ALJ's appointment, but it is inaccurate to state that these procedural steps did not occur. As Judge Kolar identifies, the common law *de facto* officer doctrine applies, and the ALJ's decision, while voidable, is not void ab initio. (Rep. & Recommendation, at 23-24 n.29, ECF No. 30); *see also Ryder v. United States*, 515 U.S. 177, 180 (1995) ("The *de facto* officer doctrine confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient."); *Buckley v. Valeo*, 424 U.S. 1, 142 (1976). A timely § 405(g) challenge would have overcome the *de facto* officer doctrine and afforded Plaintiff relief (assuming the allegations of the complaint are true), but no such challenge was made. *See Ryder*, 515 U.S. at 182-83.

Plaintiff also states that the Commissioner had a non-discretionary duty to assign a constitutionally appointed ALJ to his claim. This may be true, but it is not a direct objection to Judge Kolar's finding that Plaintiff has not shown that the Commissioner has a non-discretionary duty to re-open his case after the expiration of the deadline to appeal the Commissioner's final decision. *See* (Rep. & Recommendation, at 19-20, ECF No. 30); *see also Pittson Coal Grp. v. Sebben*, 488 U.S. 105, 122 (1988) ("Thus, to succeed in the present cases the *Sebben* respondents

4

had to establish not only a duty [to apply the correct standard] but also a duty *to reopen the final determinations*." (emphasis added)).

At the end of his brief, Plaintiff poses this question: "If the Commissioner had refused to assign an ALJ to the case at all, no one would contest that mandamus is the proper path to District Court. Why would it be any different if the Commissioner assigned an imposter to hold an artificial hearing?" (Obj., at 14, ECF No. 31). The answer is in the question. An ALJ was assigned, and a hearing was held. (Compl. ¶ 20). A decision was issued. *Id.* ¶ 21. It appears that Plaintiff could have raised his concerns about the constitutionality of the ALJ's appointment before the hearing, 20 C.F.R. § 404.940, or after the hearing to the Appeals Council, 20 C.F.R. 404.968. He definitely could have raised the issue on direct appeal to the District Court under § 405(g). If no one was assigned to hold a hearing, none of these opportunities to raise a challenge to the lack of an ALJ would have been available.

An adequate non-mandamus remedy was available, but Plaintiff did not timely pursue it. Plaintiff has not shown that the Commissioner has a non-discretionary duty to reopen his closed case. The elements of a mandamus claim are not met. Plaintiff has failed to state a claim on which relief can be granted.

This concludes the undersigned's de novo consideration of the aspects of the report and recommendation to which Plaintiff objects. Additionally, the Court finds no clear error in the portions of Judge Kolar's Report and Recommendation to which there is no objection.

## CONCLUSION

Accordingly, the Court hereby **ADOPTS** Judge Kolar's Report and Recommendation [DE 30], **OVERRULES** Plaintiff's Objection [DE 31] and **GRANTS** Commissioner's Renewed Motion to Dismiss and **DISMISSES with prejudice** this cause of action.

SO ORDERED on September 28, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
